UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ATARI HAMILTON,

        Plaintiff,

v.

EAGLE SECURITY SERVICES, LLC, a
Michigan limited liability company, and
SEAN Q. CHAPPY, an individual,

        Defendants.

Case No.
Hon.

_____/

Joel B. Sklar (P38338)
LAW OFFICES OF JOEL B. SKLAR
Attorney for Plaintiff
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529 / 313-963-9310 (fax)
joel@joelbsklarlaw.com

_____/

## COMPLAINT AND JURY DEMAND

Plaintiff Atari Hamilton, by and through her undersigned counsel, files this Complaint and Jury Demand against Defendants Eagle Security Services, LLC, a Michigan limited liability company, and Sean Q. Chappy, an individual, and says:

1. Plaintiff Atari Hamilton is a resident of Wayne County, Michigan which is in this Judicial District.

2. Defendant Eagle Security Services, LLC, ("Eagle Security"), is a Michigan limited liability company which is located and/or transacts business in this Judicial District.

3. Defendant Sean Q. Chappy is an individual who resides and/or transacts business in this Judicial District and, during all relevant periods, was an employee and/or agent of Defendant Eagle Security.

4. This Court has original jurisdiction over these claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1) and (2) since the events giving rise to this claim all occurred in this Judicial District.

## COMMON ALLEGATIONS

6. On July 19, 2019, Defendant Eagle Security hired Plaintiff as a full-time Security Officer.

7. Plaintiff was assigned to work at 1300 Lafayette in the City of Detroit.

8. Plaintiff was an exemplary employee.

9. At all relevant times, Plaintiff's immediate supervisor and direct report was Defendant Sean Q. Chappy

10. On April 2, 2020, Plaintiff was diagnosed with COVID-19.

11. Pursuant to state and federal authority, Plaintiff was quarantined and absent from work until April 27, 2020.

12. During her quarantine, Plaintiff received inappropriate, offensive, and overtly sexual text messages from a male co-worker, Harold Richie.

13. Among other things, Harold Ritchie repeatedly asked Plaintiff to send him a "sexy picture" and referred to himself as an "Exotic Lover."

14. Plaintiff reported Harold Ritchie's unwelcome sexual harassment to Defendant Chappy,

15. Defendant Chappy told Plaintiff he would tell his boss about Plaintiff's complaints.

16. Plaintiff heard nothing from Eagle Security and became concerned that her complaints of sexual harassment were being ignored and that the harassment would continue.

17. On May 8, 2020, Plaintiff emailed Michelle Rodriguez of Eagle Security Human Resources to report the sexual harassment by Harold Ritchie.

18. Plaintiff asked that Executive Vice President Dan Davis or President Angelo Proia call her to discuss her concerns.

19. Michelle Rodriguez promised Plaintiff that Dan Davis and/or Angelo Proia would call her.

3

20. On May 8, 2020, Plaintiff received a phone call from Dave LNU[1] asking her to sign a statement which stated she was never sexually harassed.

21. Dave LNU also told her that Mr. Ritchie had a family and may have been joking.

22. Plaintiff refused to sign the statement or otherwise withdraw her sexual harassment complaint.

23. Plaintiff returned to work on May 12, 2022.

24. On or about May 17, 2020, Plaintiff contacted the Equal Employment Opportunity Commission (EEOC) to report the sexual harassment.

25. On or about May 17, 2020, Plaintiff sent an email to Eagle Security's Human Resources representative, Michelle Rodriguez, to let her know Plaintiff contacted the EEOC.

26. Afterward, Defendant Chappy told Plaintiff that Defendant Eagle Security instructed him to monitor, scrutinize and watch Plaintiff to find a reason to discipline and justify termination.

27. Defendant Chappy told Plaintiff he was reluctant to do Eagle Security's "dirty work" and retaliate against her because it "was bullshit" and he intended to leave Eagle Security in July 2020 anyway.

---

[1] Last Name Unknown.

28. On or about June 1, 2020, Plaintiff prepared and provided a written request for intermittent leave to care for her child whose school or place of care was closed (or childcare provider is unavailable) for reasons related to Covid-19, pursuant to the Families First Coronavirus Response Act (FFRCA), which was granted.

29. On June 21, 2020, Plaintiff was discharged.

30. Unbeknownst to Plaintiff, Defendant Sean Q. Cappy, as directed by his employer, Defendant Eagle Security, manufactured, created, and fabricated reasons to justify Plaintiff's retaliatory termination and even used Plaintiff's approved FFRCA protected leave against her.

31. On March 29, 2022, the EEOC issued a "Probable Cause Determination" which found that Plaintiff was subject to unlawful retaliation for her protected activity of reporting suspected sexual harassment to Defendants. (Attached as Exhibit A)

32. Defendant Eagle Security refused to participate in the conciliation process.

33. Plaintiff is awaiting issuance of her Right to Sue Letter from the EEOC.

## COUNT I

### VIOLATION OF THE FFRCA

34. Plaintiff restates each of the above allegations word for word.

35. Plaintiff was an employee covered by the FFRCA.

36. Defendants were employers covered by the FFRCA.

37. Under the FFRCA, Defendant Eagle Security was required to provide Plaintiff with two weeks (up to 80 hours) of paid sick leave at the employee's regular rate of pay where the employee is unable to work because the employee is quarantined (pursuant to Federal, State, or local government order or advice of a provider), and/or experiencing COVID-19 symptoms and seeking a medical diagnosis.

38. Under the FFCRA, Defendant Eagle Security was required to provide Plaintiff two weeks (up to 80 hours) of paid sick leave at two-thirds the employee's regular rate of pay because the employee is unable to work because of a bona fide need to care for an individual subject to quarantine (pursuant to Federal, State or local government order or advice of a health care provider), or care for a child (under 18 years of age) whose school or child care provider is closed or unavailable for reason related to COVID-19, and/or the employee is experiencing a substantially similar condition as specified by the Secretary of Health and Human Services, in consultation with the Secretaries of Treasury and Labor.

39. The FFRCA further provided up to an additional 10 weeks of paid expanded family and medical leave at two-thirds the employee's regular rate of pay where an employee is unable to work due to a bona fide need for leave to care

for a child whose school or childcare provider is closed or unavailable for reasons related to COVID-19.

40. The FFRCA provides a private cause of action for discrimination, retaliation, interfering with or denying FFCRA leave, and/or failure to properly pay wages in accordance with the FFRCA.

41. Defendants intentionally and willfully interfered with and retaliated against Plaintiff because she invoked the protections of the FFRCA.

42. As a direct and proximate result of Defendants' FFRCA violation, Plaintiff suffered economic and non-economic damages including, but not limited to, lost wages, back pay and front pay, loss of fringe benefits, emotional distress, loss of the enjoyments of life, anxiety, depression, outrage, fear, and other injuries compensable under the Act

## COUNT II

**VIOLATION OF THE ELLIOT LARSEN CIVIL RIGHTS ACT—RETALIATION**

43. Plaintiff realleges each of the above allegations word for word.

44. Defendants are employers covered under the Elliott Larsen Civil Rights Act. (ELCRA)

45. Plaintiff is an employee covered under the ELCRA.

46. Plaintiff engaged in protected activity under the ELCRA when she reported sexual harassment by Harold Ritchie to Defendants and advised Defendants of her EEOC contacts.

47. The ELCRA prohibited Defendants from retaliating against Plaintiff because of her protected activity. MCL § 37.2701

48. Defendants knew of Plaintiff's protected activity because she told them.

49. Defendants took adverse action against Plaintiff, as described above.

50. Defendants subjected the plaintiff to severe or pervasive retaliatory harassment.

51. A causal connection exists between Plaintiff's protected activity and the adverse actions visited upon Plaintiff by Defendants.

52. As a direct and proximate result of Defendants' ELCRA violation, Plaintiff suffered economic and non-economic damages including, but not limited to, lost wages, back pay and front pay, loss of fringe benefits, emotional distress, loss of the enjoyments of life, anxiety, depression, outrage, fear, and other injuries compensable under the Act.

## RELIEF REQUESTED

**PLAINTIFF REQUESTS** that this Court enter judgment against Defendants as follows:

1. Legal relief

    a.    a judgment for lost wages and benefits, past and future, in whatever amount she is found to be entitled;

    b.    compensatory damages in whatever amount she is found to be entitled;

    c.    punitive and exemplary damages commensurate with the wrong and Defendants' ability to pay; and,

    d.    an award of interest, costs and attorney fees as provided in the above referenced statutes and their counterparts.

2. Equitable relief

    a.    an order reinstating Plaintiff to the position she would have held if there had been no discrimination and retaliation by Defendants;

    b.    an injunction prohibiting any further acts of retaliation or discrimination;

    c.    an award of interest, costs, and reasonable fees; and,

    d.    whatever other equitable relief appears appropriate at the time of trial.

Respectfully submitted,

*s/ Joel B. Sklar*
Joel B. Sklar (P38338)
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529
Attorney for Plaintiff

Dated: June 6, 2022    Joel@joelbsklarlaw.com

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial of this cause of action.

                          Respectfully submitted,

                          *s/ Joel B. Sklar*
                          Joel B. Sklar (P38338)
                          500 Griswold, Suite 2450
                          Detroit, MI 48226
                          313-963-4529
                          Attorney for Plaintiff
Dated:  June 6, 2022           Joel@joelbsklarlaw.com